**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stanley Fishman,            )<br>           )<br>        Plaintiff,       )<br>           )<br>vs.           )<br>           )<br>           )<br>Spring Valley Apartments,   )<br>           )<br>        Defendant.       )<br>_____ ) | No. CV-07-1105-PHX-LOA<br><br>**ORDER** |

       This matter arises on the Court's review of the file. On June 4, 2007, Plaintiff Stanley Fishman ("Fishman") filed a *pro se* Complaint against Defendant Spring Valley Apartments. (docket # 1)  On the same day, Plaintiff expressly consented in writing to magistrate judge jurisdiction pursuant to pursuant to Title 28 U.S.C. § 636(c)(1) and filed a Motion to Proceed *In Forma Pauperis*. (docket # 3 and # 4)

**I. Standard for Reviewing Complaint**

       The district court is required to screen complaints brought by litigants who request, or have been granted, leave to proceed *in forma pauperis*. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Jones v. Social Sec. Admin.*, 2007 WL 806628 (E.D. Cal. 2007). Title 28 U.S.C. § 1915(e)(2) provides that the district court "shall dismiss a case at any time if it determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  A complaint is legally frivolous

within the meaning of § 1915 "where it lacks any arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221 (9th Cir.1984).  Moreover, pursuant to Rule 12(h), FED.R.CIV.P., a district court must dismiss an action whenever it appears that the district court lacks jurisdiction over the subject matter. Pursuant to Rule 12(h)(3),[1] the Court will consider as a threshold matter whether it has subject-matter jurisdiction.

The district court may take judicial notice of its own files and records. *U.S. v. Author Svcs., Inc.*, 804 F.2d 1520, 1522 (9th Cir.1986.)  Court records reflect that Fishman has filed twenty-one (21) *pro se* lawsuits in the District Court of Arizona in 2007 against the same and different defendants.[2]  Most, if not all, of Fishman's complaints are accompanied by a motion for leave to proceed *in forma pauperis*. Unquestionably, Fishman has become a vexatious litigant.[3]

---

[1] Rule 12(h)(3) provides:
   (3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

[2]  2:07-cv-00586-FJM;  2:07-cv-00587-SMM ; 2:07-cv-00588-ROS
   2:07-cv-00589-RCB;2:07-cv-00590-DGC; 2:07-cv-00591-MEA;
   2:07-cv-00619-DKD; 2:07-cv-00620-LOA; 2:07-cv-00621-NVW;
   2:07-cv-00809-DKD; 2:07-cv-01105-LOA; 2:07-cv-01106-LOA
   2:07-cv-01107-MHM; 2:07-cv-01108-DGC; 2:07-cv-01109-LOA
   2:07-cv-01116-ECV; 3:07-cv-00592-MHB; 3:07-cv-00593-JWS
   3:07-cv-08026-NVW; 4:07-cv-00137-JMR; 4:07-cv-00138-JJM

[3] Whether any court-wide consequences are imposed upon Fishman as a vexatious litigant will abide another day and another judge. *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1524 (9th Cir.1983) ("district courts do have the power to reinforce the effects of [collateral estoppel and res judicata] by issuing an injunction against repetitive litigation"), *cert. denied*, 465 U.S. 1081 (1984); *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir.1982) ( "[t]he equity power of a court to give injunctive relief against

1. One of Fishman's lawsuits was CV-07-0620-PHX-LOA (*Fishman v. Mel Clayton Ford*) wherein the undersigned Magistrate Judge, after explaining in detail the complaint's jurisdictional deficiencies and giving Fishman an opportunity to amend his complaint, dismissed that lawsuit without prejudice for failure to allege and establish subject-matter jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3). In another of Fishman's cases, CV-07-0590-PHX-DGC (*Fishman v. Spring Valley Apartments*), District Judge David G. Campbell similarly gave Fishman a fair opportunity to amend his complaint "to file an amended complaint that properly invokes the Court's jurisdiction." (docket # 4 at.2) Instead of timely complying with Judge Campbell's order by the deadline of April 20, 2007, Fishman filed a whole new lawsuit on June 4, 2007 against the same Defendants, Spring Valley Apartments, attempting to circumvent Judge Campbell's order in CV-07-0590-PHX-DGC that Fishman's amended complaint must properly invoke the Court's limited jurisdiction as Judge Campbell, the undersigned, and other federal judges have explained to Fishman in detail. The above-captioned lawsuit is now "*Spring Valley Apartments II*."

**II. Dismissal of the Complaint**

"[A] federal court may dismiss *sua sponte* if jurisdiction is lacking." *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983) (citing *Mansfield, Coldwater & Lake Mich. R.y. Co. v. Swan*, 111 U.S. 379, 382 (1884)); *Franklin v. Or. State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (same). "While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction." *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (citations omitted); see Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

---

vexatious litigation is an ancient one which has been codified in the All Writs Statute, 28 U.S.C. § 1651(a)"), *cert. denied*, 459 U.S. 1206, (1983).

In this case, just like the same suit Fishman filed in CV-07-0590-PHX-DGC assigned to Judge Campbell, Fishman's complaint does not contain a sufficient statement of the Court's subject-matter jurisdiction. See Fed. R. Civ. P. 8(a) ("A pleading . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends[.]"). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to federal statutes, this Court has subject matter jurisdiction over a case only if the complaint alleges a federal cause of action or the amount in controversy exceeds $75,000 and the parties are citizens of different states. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between – (1) citizens of different States[.]").

Mindful that district courts construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "*[p]ro se* litigants must [still] follow the same rules of procedure as other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)  Here, overlooking that Fishman improperly attempted to circumvent Judge Campbell's order by filing a new lawsuit rather than amending the earlier one against Spring Valley Apartments, Fishman's Complaint again fails to allege the statutory basis for subject-matter jurisdiction to authorize this Court to proceed with this litigation. Fishman was advised in CV-07-0620-PHX-LOA on May 25, 2007: "A civil litigant may not . . . prosecute a lawsuit in federal court just because he believes his interests will be more fairly treated in federal court than in state court unless the district court has subject-matter jurisdiction over his claim." (docket # 17) His allegation in the Complaint herein that "I could not get a fair hearing or trial in any other Courts in Maricopa, Pinal and any other parts of Arizona" is insufficient to establish federal subject-matter jurisdiction.

In light of Fishman's multiple filings against these Defendants of essentially the same claims, Fishman's failure to comply with multiple court orders by different federal

judges addressing the same issue, Fishman's continued failure to show a basis for federal jurisdiction and it appearing that giving Fishman another opportunity to amend his Complaint in this case would not establish federal subject-matter jurisdiction, this lawsuit will be dismissed with prejudice. Fishman is not entitled to notice and an opportunity to respond because the dismissal is for lack of subject-matter jurisdiction. *Scholastic Entm't, Inc.*, 336 F.3d. at 985.

Fishman was well-advised by District Judge Martone on April 5, 2007 when dismissing CV-07-586-PHX-FJM for failure to show a basis for federal jurisdiction that "plaintiff seek the advice of counsel before proceeding further in this court. If he does not have a lawyer, he may wish to contact the Volunteer Lawyers Program sponsored by Community Legal Services and the Maricopa County Bar Association at 602-258-3434." (docket # 4 and # 8)

**IT IS ORDERED** that this lawsuit is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted in this federal court, i.e., lack of subject-matter jurisdiction. The Clerk is directed to close this case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED** as moot. (docket # 4)

DATED this 7th day of June, 2007.

Lawrence O. Anderson
United States Magistrate Judge